**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EUGENE JACOBS | : | CIVIL ACTION |
| v. | : | |
| LOUIS FOLINO, et al. | : | NO. 07-925 |

**MEMORANDUM**

**Baylson, J.**                                                                                    **May 9, 2011**

**I.        Introduction**

On March 7, 2007, Eugene Jacobs ("Petitioner") filed a pro se Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, naming as Respondent Louis Folino, Superintendent of

Pennsylvania State Correctional Institution - Green (SCI Greene), and raising five grounds for

relief (ECF No. 1).  At that point, the state court proceedings had not terminated, and the Court

stayed Petitioner's petition and placed the case in suspense on April 25, 2007, directing

Petitioner to notify the Court within 30 days of the termination of state court proceedings (ECF

No. 4).

On December 28, 2009, instead of sending a notice, Petitioner filed a new § 2254 petition

and supporting memorandum of law, docketed as Civil Action Number 09-6143.  The Court

ordered new petition transferred to Civil Action No. 07-925, removed the case from suspense,

and referred the matter to Magistrate Judge Arnold C. Rapoport for a Report & Recommendation

("R & R") on the merits (ECF No. 8).  Jacobs filed a memorandum of law in support of his

petition on February 19, 2010 (ECF No. 10), and filed additional Motions for the Release of

Documents and for Financial Assistance and/or Discovery Materials on February 22, 2010 (ECF

Nos. 13, 14). The Government responded to Petitioner's habeas petition on April 5, 2010 (ECF No. 17).

On August 10, 2010, Magistrate Judge Rapoport filed a comprehensive Report and Recommendation (ECF No. 28) and Petitioner filed objections (ECF No. 29). Respondent filed a brief in response (ECF No. 30). Upon careful review of the objections, it appears that Petitioner has filed nineteen objections, but they are highly repetitive and overlapping in their content. It should be noted that although the Petitioner has filed nineteen numbered objections, the objection numbered "8" raises two separate issues, there is no number 11, and there are two objections titled "12." Thus, in all, there are twenty objections.

The Court has ascertained six categories into which all the objections fall, although some objections may involve more than one of the categories. The Court has decided to proceed by analyzing the seven categories set forth below in Section V. After review, the Court concludes that none of Petitioner's objections have any validity and that the Magistrate Judge's Report and Recommendation should be approved and adopted.

## II.   Factual and Procedural Background

### A.   Events Leading to Petitioner's Conviction

The Pennsylvania Superior Court outlined the facts of the case in its opinion on direct appeal. Commonwealth v. Jacobs, No. 3402 Phila. 1998 (Pa. Super. Ct. Dec. 1, 1998); Resp. Ex. A; ECF No. 17-1.

On October 1994, Justina Northern attended a party hosted by one of her co-workers, Darlene Bey. Id. at 1. Ms. Bey introduced Ms. Northern to Jacobs, Ms. Bey's cousin. Id. at 1. Jacobs and Ms. Northern developed a "close relationship." Id. On December 26, 1994,

Petitioner drove with Ms. Northern to visit a friend of Ms. Northern's, Vicky Butler.  Id.  Ms. Butler never saw Ms. Northern alive after that day.  Id.

On January 16, 1995, Ms. Northern's children gathered, concerned because they had not heard from her for several days and had been unable to reach her by phone.  Id. at 1-2.  Ms. Northern's son Darrell contacted the building supervisor who, after summoning the police, was able to gain entry.  Id.

The officers discovered Ms. Northern's body lying on her bed.  She had suffered two gunshot wounds.  Id.  The police found no sign of forced entry.  Id. at 2-3.  The door was locked from the outside with a key and the door had been sealed with tape from the inside.  The windows were locked and the blinds drawn; pillows had been placed against the fresh air vents and the heat to the apartment had been turned off.  Id.  The medical examiner determined that Ms. Northern had died as a result of the gunshot wounds between January 9-11, 1995.

When Ms. Northern's children were allowed to enter the apartment, days later, they discovered their mother's 1990 gray Subaru Royale automobile, as well as her MAC card, credit cards, and other items of value from the apartment were missing.  Id.

At trial, the Commonwealth presented evidence establishing that Jacobs had used Ms. Northern's MAC card successfully on ten occasions, withdrawing a total of $490.00 from Ms. Northern's account.  Id. at 3-4.  The assistant vice-president of security for Mellon Bank testified that surveillance videotape captured Jacobs making four withdrawals at the same location on January 11, 1995, using an accurate PIN number.  Id. at 4.  Jacobs made an additional five withdrawals and one inquiry into account information between January 12 and 13, 1995.  Id.  The surveillance footage showed a car similar in model, design, and color to Ms. Northern's in the

background, behind Jacobs.  Id.  The Commonwealth also presented evidence that Jacobs had

used Ms. Northern's Wanamaker's department store charge card on six separate occasions

between January 13 and 14, 1995, signing Ms. Northern's name for each purchase.  Id.

On February 21, 1995, Ms. Northern's car was found parked near to the home of

Petitioner's girlfriend, Tanya Vaugn.  Id. at 5.  Police questioned Ms. Vaughn, who initially

identified the car as one in which she had ridden with Jacobs and had seen him driving on at least

three occasions since the date of the murder.  Id.

On February 14, 1995, Petitioner arrived at police headquarters, in response to a

telephone request to submit to questioning in Ms. Northern's murder.  Id.  At first, Petitioner

denied possession of Ms. Northern's MAC card and told the police that Ms. Northern did not

own such cards.  Id.  He was then shown the MAC surveillance photos and was given Miranda

warnings.  He acknowledged his rights, waived his right to remain silent, and provided police

with a voluntary statement, admitting that he had taken the MAC card from a table in Ms.

Northern's apartment and taken the Wanamaker's card while shopping with Ms. Northern.  Id.

He stated that he decided to use the cards without her permission when he realized she had not

noticed their loss.  Id.  He admitted using Ms. Northern's car, but claimed she had given him

permission.  Id.  He denied stealing the automobile and claimed not to recognize it in the

surveillance photographs.  Id.  He also denied killing Ms. Northern.  Id.  He was released.  Id.

Police issued a warrant for Petitioner's arrest on April 8, 1995, and arrested him on

September 14, 1995.  Id. at 6.  On October 2, 1996, a jury found Eugene Jacobs guilty of first

degree murder, robbery, theft and possessing instruments of a crime.  He was sentenced on

October 4, 1996, to life imprisonment.

**B.      State Court Post-Trial Proceedings**

Trial counsel filed a timely appeal, but failed to file a brief, resulting in dismissal.  Id. at

7.   Post-conviction counsel was appointed and filed a petition under the Pennsylvania Post

Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541-9546, resulting in the

reinstatement of Petitioner's right to file an appeal nunc pro tunc on October 20, 1998.  The

direct appeal presented three issues: (1) whether trial counsel was ineffective for failing to object

to allegedly inflammatory and prejudicial statements - characterizing Jacobs as a "Don Juan" and

a thief -  made by the prosecutor during closing statements, (2) whether the trial court erred in

denying Petitioner's Motion to Suppress two statements given by appellant to investigating

detectives, and (3) whether the verdict of first-degree murder was against the weight of the

evidence.  Id. at 7.  The Superior Court issued an opinion on December 1, 1999, rejecting

Petitioner's arguments.  See Resp. Ex. A.  Jacobs did not seek review before the Pennsylvania

Supreme Court.

On November 20, 2000, Jacobs filed a timely pro se PCRA petition.  Commonwealth v.

Jacobs, No. 3246 Phila. 2003 (Pa. Super. Ct. Dec, 23, 2003); Resp. Ex. C at 2; ECF No. 17-3.[1]

Counsel was appointed and filed an amended petition arguing only that appellate counsel was

ineffective for failing to raise trial counsel's ineffectiveness for failing to investigate alibi

witnesses.  Resp. Ex. C at 1.  After the PCRA court notified Jacobs of its intent to dismiss the

petition without a hearing, Jacobs filed a pro se response.  Resp. Ex. C at 2.  The PCRA court

denied the petition on October 2, 2002, and Jacobs filed a pro se appeal on October 21, 2002.  Id.

_____

[1]As discussed later in this opinion, the court record does not include a copy of the pro se petition.
See R & R at 4 n.3.

While PCRA counsel remained counsel of record, as informed by the Court of Common Pleas, counsel never entered an appearance before the Superior Court. Jacobs filed a pro se brief raising the following seven issues: (1) the evidence was insufficient to support conviction; (2) appellate counsel provided ineffective assistance for (a) failure to raise trial counsel's ineffectiveness and (b) failure to investigate alibi witnesses, as well as, error by trial court in not permitting Plaintiff to call known alibi witnesses; (3) ineffectiveness of trial counsel for failure to object to court's reasonable doubt instruction; (4) trial court error in allowing violations under Commonwealth v. Brady, 507 A.2d 66 (Pa. 1986), regarding admission of prior inconsistent statements;[2] (5) ineffectiveness of trial counsel for failure to inform trial court that Plaintiff was known to juror; (6) ineffectiveness of appellate counsel for failure to raise trial counsel ineffectiveness and failure to object to perjured testimony; and (7) structural error arising out of the failure to disclose helpful evidence to defense. Id. at 3-4.

Finding Jacobs to have been denied his right to PCRA counsel under state law, the Superior Court remanded the case for appointment of counsel. Id. at 5. The PCRA court appointed new counsel, who filed an appellate brief on May 10, 2004. Commonwealth v. Jacobs, 974 A.2d 1184 (Table) (Pa. Super. Ct. April 9, 2009); Resp. Ex. D at 3; ECF No. 17-4. As described by the Magistrate Judge in the R & R,

---

[2] Petitioner refers in his brief in support of the habeas petition to a Brady violation, citing Commonwealth v. Brady, 507 A.2d 56 (Pa. 1986), which should not to be confused with Brady v. Maryland, 373 U.S. 83 (1963), regarding failure by the prosecution to disclose exculpatory evidence. At certain points in his objections and various, Petitioner also refers to Brady v. Maryland, in context of certain evidence Petitioner alleges was withheld from him. However, neither the Magistrate Judge, nor this Court have found Petitioner's habeas petition to assert a claim under Brady v. Maryland. Petitioner's attempt to raise Brady v. Maryland, for the first time, in his objections is rejected.

Thereafter a four year process of counseled filings, pro se filings, remands and appointments of new counsel followed, result[ed] in Petitioner's fourth appointed attorney filing an appellate brief on November 26, 2008 (Resp. Ex E), followed by Jacobs filing a pro se brief requesting another remand to seek new counsel and permission to file a supplemental brief. Resp. Ex. D. at 3. The Superior Court found no basis to order a remand, holding that the supplemental claim Jacobs sought to include, a claim of ineffectiveness of his then current PCRA counsel for failing to assert a claim of actual innocence, was meritless.

R & R at 6-7. The Superior Court considered the three claims raised in a November 26, 2008 counseled appellate brief and rejected all claims as without merit. Resp. Ex. D at 6-7; Resp. Ex. E.

## III. The Parties Contentions

### A. <u>Habeas Petitions</u>

The point headings in Petitioner's § 2254 habeas petition list three claims. First, Jacobs asserts that PCRA counsel provided ineffective assistance for failing to raise the ineffectiveness of appellate counsel as a result of the failure to preserve a claim that evidence was insufficient to sustain his conviction because the prosecution admitted it had no evidence that Jacobs was at the crime scene. Pet. at 39. Second, Jacobs asserts that both trial and appellate counsel failed to raise an alibi defense and actual innocence, in spite of willing alibi witnesses. Pet. at 46. Third, Petitioner asserts that the police obtained statements from him in violation of his <u>Miranda</u> rights because he was not permitted to leave the police station until he had given his statement. Pet. at 41. Although not listed in the point headings of his brief, Petitioner asserts two additional claims. Petitioner asserts a layered ineffectiveness claim regarding the failure to raise what he has characterized as a violation under <u>Commonwealth v. Brady</u>, dealing with trial counsel's failure to obtain a curative instruction regarding the Commonwealth's attempt to introduce evidence of a prior inconsistent statement by a prosecution witness. Pet. at 19. Finally,

Petitioner asserts trial and appellate counsel failed to inform the court that a juror had neglected to disclose to the trial court that she had grown up with Petitioner and harbored ill feelings towards him.  Pet. at 32.

**B.** **Summary of the R & R**

Magistrate Judge Rapoport reviewed Petitioner's claims for federal habeas relief and recommended that they be denied.  In particular, Magistrate Judge Rapoport concluded that (1) all of Petitioner's claims asserting that PCRA counsel was ineffective are specifically excluded from federal habeas relief under 28 U.S.C. § 2554(I); (2) Petitioner's claims related to the sufficiency of evidence, failure to raise an alibi defense, failure to raise objections regarding juror misconduct; and violation of <u>Miranda</u> rights were not exhausted and are now barred; (3) Petitioner's claim regarding direct appeal counsel's failure to raise a sufficiency of the evidence argument was without merit, in light of the "overwhelming," if largely circumstantial, evidence establishing each element of first-degree murder; (4) Petitioner's alibi evidence could not establish a complete alibi for the murder and, therefore, could neither establish actual innocence, nor ineffectiveness of trial or appellate counsel; (5)  the Superior Court correctly stated and applied federal constitutional law to determine that Jacobs was not "in custody" during police interrogation; (6) Petitioner did not show prejudice as a result of trial counsel's failure to request a mistrial regarding the prosecution's attempt to admit hearsay, after objecting to the admission itself; and (7) Petitioner failed to develop the factual record necessary, pursuant to 28 U.S.C. § 2254(e)(2), to obtain an evidentiary hearing on Petitioner's allegations regarding juror misconduct.

As to Petitioner's Motions seeking release of documents, financial assistance and/or discovery materials, the Magistrate Judge found Petitioner has shown no good cause. The Magistrate Judge found no relationship between the categories of documents sought and the claims in petition, including the sufficiency of evidence, alibi, or <u>Miranda</u> claims. The Magistrate Judge further concluded that, while Petitioner asserts that the documents relate to a <u>Brady v. Maryland</u> claim, no claim under <u>Brady v. Maryland</u> appears in the petition, nor has one been raised prior or exhausted.

**IV.**    <u>**Legal Atandards**</u>

Pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), a federal court is precluded from granting habeas relief on any claim decided in a state court unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States ." <u>Williams v. Taylor</u>, 529 U.S. 362, 404-405 (2000) (citing 28 U.S.C. § 2254(d)(1)); <u>Fountain v. Kyler</u>, 420 F.3d 267, 272-273 (3d Cir. 2005).

In ruling on objections to the R & R of a United States Magistrate Judge, this Court reviews de novo only those R & R findings to which a petitioner specifically objects. 28 U.S.C. § 636(b)(1); <u>see also</u> Fed. R. Civ. P. 72. When reviewing documents filed pro se, a court must keep in mind that "[a] document filed pro se is 'to be liberally construed.' " <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

**V.**    **Discussion**

Petitioner has raised twenty objections, which fall into the following categories:

(1) exhaustion of certain claims,

(2) sufficiency of the evidence,

(3) ineffectiveness of PCRA counsel,

(4) deprivation of the right to proceed without counsel,

(5) ineffective assistance of trial and appellate counsel with regards to sufficiency of the evidence, juror bias, and failure to raise objection to attempt to introduce prior inconsistent statement; and

(6) violation of Miranda rights.

## A.    **Exhaustion of Claims**

In objections 4, 7, and 8, Petitioner raises the objection that he exhausted certain claims despite the finding by Magistrate Judge that he had not exhausted them.

AEDPA precludes federal courts from granting habeas relief state prisoners unless they first exhaust available remedies in state court. 28 U.S.C. § 2254(b); Cone v. Bell, 129 S.Ct. 1769, 1780 (2009); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Nara v. Frank, 488 F.3d 187, 197 (3d Cir.2007). State prisoners must complete "the State's established appellate review process" to "give the state courts one full opportunity to resolve any constitutional issues." O'Sullivan, 526 U.S. at 845; Nara, 488 F.3d at 197; see Cone, 129 S. Ct. at 1780-81. A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the [s]tate to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

An issue is waived if a petitioner fails to raise it and the issue could have been raised before trial, at trial, on appeal, in a habeas corpus proceeding, or in a prior proceeding. 42 Pa. Cons. Stat. § 9544(b); see also Sistrunk v. Vaughn, 96 F.3d 666, 671 n. 4 (3d Cir.1996) ("the

[Pennsylvania Rules of Appellate Procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court"); Commonwealth v. D'Collanfield, 805 A.2d 1244, 1246 (Pa. Super. Ct. 2002) (issue not preserved on appeal waived). "[I]f [a] petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is procedural default for purposes of federal habeas[.]" Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).

However, a claim "fairly presented" to the state courts is exhausted. Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan, 526 U.S. at 848; Nara, 488 F.3d at 197; Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002). The relevant inquiry is whether the petitioner presented in state courts the legal theory and supporting facts asserted in the federal habeas petition. Nara, 488 F.3d at 197-98; Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001); see Revels v. DiGuglielmo, No. 03-5412, 2005 WL 1677951, at *4 (E.D. Pa. July 18, 2005) (DuBois, J.).

### 1.    Claims Abandoned by Counsel on PCRA Appeal

In objections 7 and 10, Petitioner objects to the Magistrate Judge's conclusion that Petitioner's sufficiency of evidence claim was procedurally defaulted because of a failure to exhaust, pointing to his pro se PCRA petition as "rais[ing] and preserve[ing] the insufficiency issue." Obj. at 6. In the first part of Petitioner's objection 8, he reiterates the argument that he has exhausted his remedies, that any failure to exhaust was not caused by Petitioner, and any procedural default "should be excused." Obj. at 6-7.

To the extent that Petitioner argues that his claims of ineffective assistance were

presented in his original pro se PCRA petition, under state law, a petitioner's pro se PCRA petition is not supplemented by, but, rather, is replaced by a counseled and amended PCRA petition.  See Commonwealth v. Pursell, 724 A.2d 293, 301-02 (Pa. 1999) (holding that a post-conviction court is not obligated to accept pro se filings when the appellant is represented by counsel); Commonwealth v. Ellis, 626 A.2d 1137, 1139, 1141 (Pa. 1993) (no right to hybrid representation either at trial or on appeal, and appellate courts not required to consider pro se filings or briefs where defendant represented); see Thompson v. Beard, No. 2568277, 2009 WL 2568277, at *3 -4  (E.D. Pa. 2009) (Savage, J.) (claim not fairly presented to state court where raised in a pro se, but not counseled, PCRA petition).

Magistrate Judge Rapaport found Petitioner's claims related to failure to raise sufficiency of evidence, objections regarding juror misconduct, and an alibi defense; and failure to seek mistrial or curative instructions on introduction of prior inconsistent statements were not exhausted as they had been abandoned by counsel on PCRA appeal.  See R & R at 13-15, 19, 28-29, 32.  Petitioner's counseled PCRA brief raised three issues on appeal: (1) a layered ineffectiveness of counsel claim for failure to preserve Petitioner's claims regarding the failure to request a mistrial or curative instruction on the admission of a prior inconsistent statement by Ms. Vaughn, (2) a layered ineffectiveness of counsel claim regarding the failure to inform the trial court that one juror knew and was biased toward Petitioner, and (3) a claim of ineffective assistance of direct appeal counsel for failure to raise and preserve a claim of insufficiency of evidence regarding the reliance of the prosecution on circumstantial evidence.  See Resp. Ex. D at 6-7; Resp. Ex. E.

Upon examination of the PCRA appellate brief and the decision of the Superior Court in

Petitioner's PCRA appeal, this Court concurs with the recommendation of the Magistrate Judge that Petitioner's claims regarding the failure to call alibi witnesses were abandoned in Petitioner's counseled appellate brief and are, therefore, unexhausted.  Id.

This Court does find that Petitioner has exhausted the above three ineffective assistance of counsel claims related to the prior inconsistent statement by Ms. Vaughn, juror bias, and insufficiency of the evidence.  While each of these claims were presented to the Superior Court on PCRA appeal as layered ineffective assistance of counsel claims, in each instance, the counseled appellate brief presented the same legal theory and supporting facts that Petitioner now asserts in the federal habeas petition.  Thus, this Court declines to adopt the recommendations of the Magistrate Judge as to the exhaustion of these three claims.   However, this Court has examined each of these claims below and agrees with the recommendations of the Magistrate Judge that they are without merit.

**2.      Claims Abandoned and Procedurally Defaulted by Failure to Seek Pennsylvania Supreme Court Review**

In Objection Four, Petitioner claims that the Magistrate Judge is incorrect in concluding that Petitioner failed to seek review before the Pennsylvania Supreme Court, stating that the Supreme Court denied his allowance of appeal on April 8, 2010.  Obj. at 4; Pet. Ex. B.

If filing for discretionary review from a state supreme court is a "part of the ordinary appellate review procedure in the state," a failure to see discretionary review of a petitioner's claims will result in procedural default of those claims.  Wenger v. Frank, 266 F.3d 218, 224  (3d Cir. 2001).  On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218, declaring that litigants "shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available

state remedies respecting a claim of error.  When a claim has been denied relief in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief."  Id. at 224-25.  The Third Circuit held in Wenger that Order 218 did not "retroactively alter the nature of 'the ordinary appellate review procedure' in the Commonwealth."  Id. at 225.

 As the Magistrate Judge found, the Superior Court issued its decision on Petitioner's direct appeal on December 1, 1999, prior to effective date of Order No. 218.  See Resp. Ex. A. Thus, to exhaust at that time, Petitioner was required to file an allocatur petition within 30 days. Pa. R. App. P. 113.   He did not do so.  Therefore, notwithstanding any discretionary review of PCRA appeal sought by Petitioner, any claims arising out of the trial and addressed by the Superior court on direct review were "not fairly presented to the state supreme court" on direct appeal and are procedurally defaulted.  Id. at 224 (citing Caswell v. Ryan, 953 F.2d 853, 858-60 (3d Cir. 1992)).

## B.      Sufficiency of the Evidence

Petitioner has raised a number of objections regarding the sufficiency of evidence to sustain his conviction, including objections 1, 2, 3, 8(b) (also relating to search and seizure and a request for an evidentiary hearing); 9 (including a claim of actual innocence); 11, 12, 13, 15, 17, and 19.  To the extent that Petitioner has exhausted ineffective assistance of counsel claims related to the failure to raise sufficiency of evidence at trial or on direct appeal, the Court considers Petitioner's claims and finds them to be meritless.

A claim that the "evidence in support of [a] state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt [is]

cognizable in a federal habeas corpus proceeding." Robertson v. Klem, 580 F.3d 159, 164-65

(3d Cir. 2009) (citing Jackson v. Virginia, 443 U.S. 307, 321 (1979); see also Fiore v. White, 531

U.S. 225 (2001) (per curiam) ("We have held that the Due Process Clause of the Fourteenth

Amendment forbids a State to convict a person of a crime without proving the elements of that

crime beyond a reasonable doubt.")).   On habeas review, a district court applies the sufficiency

of the evidence standard "with explicit reference to the substantive elements of the criminal

offense as defined by state law," id. (quoting Jackson, 443 U.S. at 324 n.16), asking "whether

after reviewing the evidence in the light most favorable to the prosecution, any rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson,

443 U.S. at 319.

        In Petitioner's objections 11 (identified on page 10 as Petitioner's first "Objection

Twelve") and 12, Petitioner revives the general argument raised in his habeas petition that the

Commonwealth failed to meet its burden of proof because it relied on evidence that was "largely

circumstantial."  Obj. at 10, 13.  Petitioner argues that [a]bsent the inadmissible evidence, the

Commonwealth was left with only a tainted statement made by Petitioner, which the trial court

refused to suppress.  There was no physical evidence to link Petitioner with this crime in any

way." Obj. at 11.

        The Magistrate Judge determined that the Superior Court correctly applied the

Pennsylvania standard for sufficiency of evidence, articulated in Commonwealth v. Pappas, 845

A.2d 829, 835-36 (Pa. Super. Ct. 2004), in deciding Petitioner's direct appeal nunc pro tunc.  The

Magistrate Judge describes this standard as "indistinguishable from the standard enunciated in

Jackson." R & R at 17.  In applying that standard, the Superior Court noted that this "standard is

equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." Resp. Ex. D. at 12 (quoting Commonwealth v. Swerdlow, 636 A.2d 1173, 1176 (Pa. Super. Ct. 1994)).

The Magistrate Judge found the factual record to "irrefutably" support the conclusion of the Superior Court that the Commonwealth had satisfied each of the elements of first-degree murder. R & R at 18. As a result, the Magistrate Judge found Petitioner's arguments related to the insufficiency of evidence, or failure of direct appeal counsel to argue that the Commonwealth presented no evidence, without merit, because "any attempt by appeals counsel to raise a sufficiency of the evidence argument based upon the lack of eyewitness testimony, lack of direct (as opposed to circumstantial) evidence, or evidence suggesting others may have committed the crime, would have been futile." Id. at 19.

As stated by the Superior Court on direct appeal, "the Commonwealth presented a trail of concrete, irrefutable evidence which jurors could follow in reaching their decision. Specifically, [Petitioner's] untimely use of Ms. Northern's MAC card, credit card, and automobile beginning the day after her death and continuing for sometime thereafter, his ability to gain access to her apartment, and the fact that the victim was last seen with [Petitioner] are all pieces of evidence which the jury considered and upon which it relied in reaching a verdict of guilty." Resp. Ex. A. at 15-16. In rejecting Petitioner's PCRA petition, the Superior Court again determined there was "overwhelming circumstantial evidence" of Petitioner's guilt sufficient to demonstrate specific intent. Resp. Ex. D. at 16. As the Commonwealth aptly points out, the jury had no obligation to entertain the implausible theory that Petitioner "entered the victim's tape-sealed and cold apartment and took her [MAC] card from her apartment after she had already been murdered[,]"

-16-

nor was such a theory advanced at trial.  Resp. to Habeas Pet. at 31.  Viewing the evidence in the light most favorable to the prosecution and inquiring whether "no rational juror could have found proof of guilt beyond a reasonable doubt," <u>Jackson</u>, 443 U.S. at 319, this Court concurs with the conclusions of Magistrate Judge Rapoport as to Petitioner's claims of insufficiency of evidence.

In objection 9, Petitioner argues that the Magistrate Judge could not make a fair ruling without benefit of Petitioner's pro se filings (R & R at 14) or the transcripts of Petitioner's trial. Petitioner claims that "[t]he information supplied by the Superior Court . . . is factually wrong." and that "the factual basis of other than Petitioner's own statements do support Petitioner's claims of actual innocence and insufficiency of evidence" as to the murder, theft, and robbery convictions.  Obj. at 8.  The Magistrate Judge has noted that the record lacks certain pro se filings, as well as trial transcripts.  R & R at 14.  As noted in the R & R, the Court has authority to "determine under the existing facts and circumstances what weight shall be given to the State court's factual determination" if a full record has not been provided.  28 U.S.C. § 2254(f).[3] Further, a transcript would not aid Petitioner to the extent he is simply arguing about the lack of evidence to prove guilt beyond a reasonable doubt, rather than providing evidence in support of his claim.  Finally, as discussed above, a petitioner's pro se PCRA petition is not supplemented by, but rather is replaced by a counseled and amended PCRA petition and, thus, the omission of pro se filings from the record is insignificant.  <u>See</u> <u>Commonwealth v. Pursell</u>, 555 Pa. 233, 724 A.2d 293, 301-02 (Pa. 1999).

---

[3]The second part of Petitioner's Objection Eight requests a evidentiary hearing to determine if trial and appellate counsel were "ineffective for failing to raise the insufficiency issue."  It should be noted that the Petitioner states no grounds for a federal court evidentiary hearing.  He has had numerous hearings in state court on his PCRA proceeding, which remained in state court for approximately four years with appeals to the Superior Court and remands back to the Court of Common Pleas.

## 1.    Evidence Supporting Theft of MAC Card

In objection 1, Petitioner claims specifically that the Magistrate Judge was "factually wrong" regarding withdrawals of money and balance inquiry.  Petitioner offers in support a Detective's report stating "[n]o money was taken as perpetrator did not use the PIN number assigned to Justina Northern," supporting argument that the evidence was "insufficient for robbery."  Obj. at 3.  Petitioner relies solely on the property receipt attached to the brief detailing his objections.  See Obj. at 35.  This Court concludes that the Magistrate Judge properly relied on the findings of the Superior Court, R & R at 2-3; see 28 U.S.C. § 2254(e)(1); Stevens v. Del. Corr. Ctr., 295 F.3d 361, 368  (3d Cir. 2002) (presumption of correctness under § 2254(e)(1) applies to findings of appellate courts), which in turn were supported by the testimony of the assistant vice-president of security at Mellon Bank, who testified as to the dates of the transactions and the total amounts withdrawn.  Resp. Ex. A at 3-4.  As the Commonwealth points out, 18 Pa. C.S. §3701(a)(1)(i) defines robbery as inflicting serious bodily injury upon another  in the course of committing a theft.  Resp. to Obj. at 6.  Shooting a person and taking the victim's MAC card meets the definition of the statute, regardless of whether the card was successfully used.

Further, Petitioner himself confessed to taking and using Ms. Northern's MAC card. Resp. Ex. A at 5-6.  The fact that Petitioner might have been unsuccessful in obtaining money from Ms. Northern's account has no bearing on the murder conviction as the use of the card on January 11 through 13, 1995, still ties Petitioner to the murder of Ms. Northern between January 9 and 11, 1995.  Id. at 3.  As the Superior Court stated in denying Petitioner's petitioner for post-conviction relief, "Jacobs clings to the part of the sentence [on a property receipt] that states that

'no money was taken' from the account to somehow prove that he is actually innocent. . . . Jacobs's assertion is frivolous." Resp. Ex. D at 6.

### 2.    Evidence Supporting Theft of Car

Petitioner claims in objections 2, 16, and 17 that the Magistrate Judge erroneously stated that Ms. Vaughn witnessed Petioner with Ms. Northern's Subaru. Obj. at 3, 24-26. This argument is meritless to the extent that this objection raises issues regarding insufficiency of the evidence. As the Commonwealth has noted in its brief, the evidence that Ms. Vaughn witnessed Petitioner driving the car was cumulative of other evidence, including surveillance photos showing the car behind Petitioner while using Ms. Northern's MAC card. Resp. Ex. A at 3-6. Further, while Petitioner denied taking Ms. Northern's car without her permission, he admitted that he had used the vehicle during the relevant days in January 1995.

### 3.    Alibi Defense

In Objection Thirteen, Petitioner takes issue with the Magistrate Judge's recommendation as to the meritlessness of Petitioner's purported alibi evidence. Obj. at 15. As discussed above, this Court finds that Petitioner's claims related to his alibi defense were abandoned in his PCRA appeal and are, thus, unexhausted. Further, the Court notes the recommendation by Magistrate Judge Rapoport that the evidence raised by Petitioner in his habeas petition, if accepted, does not constitute a complete alibi for a murder committed between January 9 and 11, 1995, and, therefore, (1) cannot satisfy actual innocence or (2) demonstrate ineffectiveness on the part of either trial or direct appeal counsel. R & R at 21-23. This Court agrees. This Court concurs with the conclusion of the Magistrate Judge that Petitioner's alibi evidence "does not undermine confidence in the outcome of his trial." R & R at 22.

## C.    **Denial of the Right to Self-Representation**

In his fifth objection, Petitioner objects to the Magistrate Judge's characterization of Petitioner's "pro se brief requesting another remand to seek new counsel," arguing that what Petitioner actually sought was a "remand for waiver of counsel to proceed pro se . . . but was denied his Constitutional right to do so by both appellate courts."  Obj. at 4-5.

As the Magistrate Judge correctly found, Petitioner has no federal constitutional right to post-trial self-representation in a criminal case, even on direct appeal.  It is within the court's discretion to allow a defendant to proceed pro se or insist that the defendant accept appointed representation.  See Martinez v. Court of Appeal, 528 U.S. 152, 154 (2000); see also Indiana v. Edwards, 128 S. Ct. 2379 (2008) (holding that a defendant does not have a constitutional right to self-representation at trial, and a trial court can insist that a defendant accept representation). Thus, any claim related to the Superior Court's appointment of PCRA counsel has no merit.

## D.    **Ineffective Assistance of PCRA Counsel**

Petitioner's asserts at objections 6, 10, 12, and 18 that he had ineffective PCRA counsel, which is not a claim cognizable under § 2254.  At objection 6, Petitioner, in fact, protests the Magistrate Judge's conclusion that Petitioner's claims of ineffective assistance of PCRA counsel are not cognizable in a federal habeas proceeding.  Obj. at 5-6. Petitioner cites the decision of the Superior Court (12/23/03, at 2-5) stating that "an indigent person is entitled to counsel for his or first PCRA petition."  Obj. at 5.

Petitioner is correct to the extent that Pennsylvania law recognizes the right to counsel in post-conviction proceedings.  See Tillet v. Freeman, 868 F.2d 106, 108 (3d Cir. 1989) (holding a claim of ineffective assistance of PCRA counsel to be "at most one arising under Pennsylvania

law[,] but not cognizable under the Constitution or laws of the United States").  However, there is no constitutional right to the assistance of counsel in post-conviction collateral proceedings under federal law, and, thus, ineffective assistance in a PCRA proceeding cannot give rise to a Constitutional violation.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  Section 2254(i) of AEDPA explicitly precludes a prisoner from asserting "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings" as ground for relief on habeas review.

In objection 10, Petitioner argues that the Magistrate Judge "ignored the fact that PCRA counsel had abandoned Petitioner during the PCRA proceeding," which was the reason behind Petitioner's requesting a "remand for waiver of counsel to proceed pro se."  Obj. at 8.  To the extent that this objection is an assertion of the right to representation in post-conviction proceedings, the claim is not cognizable.  Even if Petitioner had experienced a violation of the state law right to PCRA counsel, the violation of State law rights does not provide for relief in federal habeas proceedings.  Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253, 256 (3d Cir. 1991) ("Our review of a federal habeas corpus petition is limited to remedying deprivations of a petitioner's federal constitutional rights. We can take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule").  The Court agrees with Magistrate Judge Rapoport that these claims are not cognizable on habeas review.

### E.        Ineffective Assistance of Trial and Appellate Counsel

In objections 11, 13, 16, 17, and 18, Petitioner raises a series of objections related to his claims of ineffective assistance by trial and appellate counsel.

To establish ineffective assistance of counsel, a petitioner must satisfy both prongs of the two-part test articulated in Strickland v. Washington, 466 U.S. 683, 687 (1984).  First, the petitioner must show that the assistance received by counsel was deficient, applying a highly deferential standard of objective reasonableness.  Id. at 687-89.  With respect to the deficiency prong, the defendant must show that counsel made errors so serious that the defendant was effectively denied the counsel guaranteed by the Sixth Amendment.  Id.  The second prong of the test requires a showing that the deficient performance resulted in a prejudice to the defense.  Id.  A petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  Here, Petitioner failed to show that counsel was deficient or that any deficiency resulted in a prejudice to the defense.  It is unnecessary for the court to address both components of the inquiry if the petitioner makes an insufficient showing on one prong of the test.  Id. at 694.

In addressing Petitioner's ineffective assistance of counsel claims in the present case, the applied the legal standard under Pennsylvania law in the direct and PCRA appeals.  Resp. Ex. A; Resp. Ex. D.  (citing Commonwealth v. Lopez, 854 A.2d 465, 469 (Pa. 2004)). The Third Circuit has "ruled that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to Strickland."  See Jacobs v. Horn, 395 F.3d 92 n.9 (3d Cir. 2005).

### 1.    Sufficiency of Evidence

In objection 11, Petitioner argues that direct appeal counsel was ineffective for failing to challenge the sufficiency of evidence.  Having determined above that Petitioner's claim as to sufficiency of the evidence is meritless, this Court concurs with the recommendation of the

Magistrate Judge that the Superior Court did not unreasonably apply <u>Strickland</u> to find no prejudice to Petitioner based on direct appeal counsel's failure to raise the sufficiency of the evidence argument.

### 2.      Prior Inconsistent Statements

In Petitioner's objections 16 and 17, Petitioner argues that Ms. Vaughn's statement should not have been permitted to have been read to the jury, as it was an unadopted prior inconsistent statement and impermissible hearsay, and that trial counsel was ineffective for failing to ask for a mistrial or curative instruction because of the potential to mislead the jury.  <u>Id.</u>

As stated by the Superior Court in Petitioner's PCRA appeal, trial counsel did, in fact, timely object to the admission of the prior inconsistent statement, that objection was sustained, and the evidence was not introduced.  Resp. Ex. D at 10.  Given these facts, as well as the overwhelming evidence against Petitioner, the Superior Court could not determine "that but for counsel's omission there [was] a reasonable probability that the outcome of the trial would have been different."  <u>Id.</u>  Moreover, as discussed above, the substance of the statement itself - regarding Ms. Vaughn's witnessing Petitioner with Ms. Northern's car - was cumulative of other circumstantial evidence tying Petitioner to Ms. Northern's murder.  Again, this Court concurs with the Magistrate Judge's assessment that the Superior Court correctly rejected Petitioner's ineffective assistance claim.

### 3.      Juror Bias

At objection 18, Petitioner objects to the Magistrate Judge's conclusion there was no merit to Petitioner's ineffectiveness claims stemming from Petitioner's assertion of juror bias. Specifically, Petitioner asserts in his habeas petition that Darlene Bey, Petitioner's cousin and

one of the witnesses at trial, informed him after the trial concluded that Juror Number 6 was Darlene Holloway (formerly Childs), who had grown up with Petitioner, but now held a grudge against him for a past conflict between Petitioner and Ms. Holloway's brother. Pet. at 32-33. Petitioner claims that he did not recognize Ms. Holloway until Ms. Bey brought the issue to his attention. Pet. at 34. At that point, Petitioner claims that he informed trial and, later, direct appeal counsel, but they did not raise the issue with the trial court or on appeal. Id. at 35. While this issue was raised in Petitioner's PCRA proceedings, Petitioner claims that the Superior Court's decision was in error.

The Magistrate Judge recommended that the Superior Court's rejection of this claim was reasonable as Jacobs did not come forward with supporting evidence. Applying state law that requires a petitioner to "demonstrate in his pleadings and briefs how the issues will be proved," if relying on facts outside of the record, Commonwealth v. Bretz, 830 A.2d 1273, 1276 (Pa. Super. Ct. 2003), the Superior Court concluded that Petitioner "offer[ed] no proof to substantiate [his] claim, such as an affidavit from Bey, or even how he intends on proving this claim. . . . Accordingly, this claim fails." Resp. Ex. D at 11. Applying Holland v. Jackson, 542 U.S. 649, 652 (2004), which held the question of whether a state court's decision was an unreasonable application of the law must be evaluated "in light of the record the court had before it," the Magistrate Judge recommended that the Superior Court was not unreasonable in rejecting a claim unsubstantiated by any evidence. This Court agrees.

The Magistrate Judge further concluded that Jacobs failed to develop the factual basis necessary for evidentiary hearing, pursuant to 28 U.S.C. § 2254(e)(2), requested by Petitioner in his Reply. Reply at 21. The failure to develop must be attributable to Petitioner, and Magistrate

Judge recommends that it is.  See Taylor v. Horn, 504 F.3d 435-38  (3d Cir. 2007).   Petitioner

asserts that his failure to develop the record is the result of the death of Darlene Bey, who had

originally informed him that the juror had lied.  However, Jacobs offers no substantiation for the

fact of Ms. Bey's death, nor an affidavit from the juror herself, trial counsel, or any of the other

attorneys who Jacobs claims were aware of the situation.  Thus, the Court concurs with the

recommendation of the Magistrate Judge that Petitioner is not entitled to an evidentiary hearing

on this issue.

### F.    Violation of *Miranda* Rights

In objections 3, 14, and 19, Petitioner claims that the findings of the Magistrate Judge as

to Petitioner's Miranda claim were in error.  Petitioner claims that his statements to police were

"forced," stating that "Detective Price testified that Petitioner was not free to leave" and that

Petitioner himself "tried the door and it was locked from the outside" and citing testimony in

which he stated that the door was locked and he was unable to go to the bathroom.  Obj. at 3, 17-

19.

As discussed above, this Court finds that Petitioner procedurally defaulted this claim

when he neglected to seek review by the Pennsylvania Supreme Court on direct appeal at a time

when discretionary review by the Supreme Court was still considered a part of the

Pennsylvania's ordinary appellate review process.  Nevertheless, this Court concurs with the

recommendations of the Magistrate Judge that, in its review of the trial court's decision on

Petitioner's Motion to Suppress, the Superior Court appropriately relied on Pennsylvania state

court cases and applied the correct legal rule regarding "the Supreme Court's mandate to

consider the totality of the circumstances."  See Fahy v. Horn, 516 F.3d 169, 196 (3d Cir. 2008).

The Court further agrees with the Magistrate Judge that the Superior Court's analysis of the facts, in light of the Superior Court's credibility determinations as to the investigating detective, was not "an unreasonable application of" the law. Id.

### G. Other Motions

In objection 15 of his objections, Petitioner again asserts his argument regarding sufficiency of the evidence and raises the issue of a 911 call that was "withheld from Petitioner" but would have "explained how the Commonwealth's key witness [building supervisor] Wally Krajewski lied when he said he did not enter Ms. Northern's apartment until the police arrived." Obj. at 23-24. Similarly, in Petitioner's Motion for Financial Assistance and/or Discovery (ECF No.13), Petitioner seeks "disclosure of the DNA evidence of the identity of the fingerprint found at the crime scene along with [Mr.] Krajewski's first statement to the police[,]" arguing that this material has been impermissibly withheld under Brady v. Maryland and Giglio v. United States, 405 U.S. 150 (1972). See Mot. for Financial Assistance at 2. Petitioner has requested similar material in his Motion for Release of Documents Pursuant to Rule 34 of Federal Rules of Civil Procedure (ECF No. 12). As noted by the Magistrate Judge, R & R at 37, Petitioner has not raised any constitutional claim regarding the withholding of Brady or Giglio material in his habeas petition or supporting brief. As this Court has denied Petitioner's Petition for Writ of Habeas Corpus, the Court will deny the accompanying Motions as moot.

## VI. Conclusion

For the reasons stated above, the Court will adopt the R & R and deny the Petition for Writ of Habeas Corpus. The Court has concluded that there is no basis for the issuance of a certificate of appealability. An appropriate Order has been filed.

The Court will also deny as moot Petitioner's Motions for Release of Documents Pursuant to Rule 34 of the Federal Rules of Civil Procedure and for Financial Assistance and/or Discovery Material.  An appropriate Order follows.

O:\CIVIL 07-08\07-925 Jacobs v. Folino\Jacobs v. Folino 07-925 Memorandum .wpd